Lin v. Holder

BIA
A073 535 210

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 31st day of January, two thousand twelve.

PRESENT:
> JOSEPH M. MCLAUGHLIN,
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
>     *Circuit Judges.*

_____

Bo Lin,
> *Petitioner,*

v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

11-1688-ag
NAC

FOR PETITIONERS:      Eric Y. Zheng, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Richard M. Evans, Assistant Director; Ann Carroll Varnon, Trial Attorney, Office

**of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Bo Lin, a native and citizen of China, seeks review of an April 11, 2011, order of the BIA denying his motion to reopen removal proceedings. *See In re Bo Lin*, No. 073 535 210 (B.I.A. Apr. 11, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Here, the BIA did not abuse its discretion in denying Lin's 2010 motion to reopen as untimely and numerically barred because it was filed nearly twelve years after his final order of removal, and after three previous motions to reopen. *See* 8 U.S.C. § 1229a(c)(7)(c)(i).

Although the time limits on motions to reopen may be excused when the movant demonstrates changed country conditions, 8 U.S.C. § 1229a(c)(7)(C)(ii), we agree with the

2

BIA that only Lin's personal circumstances had changed. Lin's claim was based on the fact that he converted to Christianity while in the United States. Our legal system does not permit aliens "to disregard their orders and remain in the United States long enough to change their personal circumstances (e.g., by having children or practicing a persecuted religion) and initiate new proceedings via a new asylum application." *Yuen Jin v. Mukasey*, 538 F.3d 143, 151-56 (2d Cir. 2008); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006).

As to the evidence Lin submitted describing worsened conditions for Christians in China, substantial evidence supports the BIA's conclusion that the evidence did not relate specifically to him, and any claim that he would be persecuted was "speculative at best." *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005); *see also Hongsheng Leng v. Mukasey*, 528 F.3d 135, 142-43 (2d Cir. 2008). Finally, we conclude that the BIA properly declined to credit Lin's remaining evidence based on the finding, in the initial proceedings, that he was not credible. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-49 (2d Cir. 2007).

3

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4